IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------------x
:
AHMED-AL-KHALIFA :
: 3:13 CV 276 (CSH)
v. :
:
JORDAN, ET AL. : DATE: MARCH 13, 2013
---------------------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR IFP, MOTION TO APPOINT COUNSEL,
AND RECOMMENDED RULING OF DISMISSAL

On February 27, 2013, plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa, a citizen of Nigeria, commenced this action pro se against Jordan, United Arab Emirates, Bahrain, Tunisia, Algeria, Djibouti, Kingdom of Saudi Arabia, Sudan, Syrian Arab Republic, Somalia, Iraq, Oman, Palestine, Qatar, Comoros, Kuwait, Lebanon, Libyan Arab Jamahiriya, Egypt, Morocco, Mauritania, Yemen, United Kingdom of Great Britain and Northern Ireland, the Isle of Man, Scotland, the Republic of Ireland, Belgium, Portugal, France, Italy, Denmark, Norway, Iceland, Sweden, the Kingdom of Spain, the Netherlands, Germany, Greece, Macedonia, Brazil, Canada, and the United States for the past practice of slavery.  (Dkt. #1, at 1-4, 6-31).

Along with his Complaint, plaintiff filed a Motion to Proceed In Forma Pauperis, pursuant to 28 U.S.C. § 1915 (Dkt. #2), and a Motion for Appointment of Counsel (Dkt. #4). In addition to this case, on February 26 and 27, 2013, plaintiff filed three additional cases, in all of which he also moves to proceed in forma pauperis. See Ahmed-Al-Khalifa v. Kingdom of Spain, 3:13 CV 271 (CSH); Ahmed-Al-Khalifa v. Minister of Justice, Equality and Law, 3:13 CV 272 (CSH); Ahmed-Al-Khalifa v. Organi[z]ation of Petroleum Exporting Countries, 3:13 CV 277 (CSH).  All four cases have been assigned to Senior United States District Judge Charles

S. Haight, Jr., and have been referred to this Magistrate Judge.

In his Motion for Appointment of Counsel, plaintiff avers that he is "facing extreme financial hardship since [his] unlawful deportation from the [United States of America] in 2002[.]" (Dkt. #4, at 3)(emphasis omitted).[1] The same statute that authorizes the Court to grant <u>in forma pauperis</u> status to plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction. U.S. CONST., Art. III. To come within this Court's subject matter jurisdiction, plaintiff must plead a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000. <u>See Da Silva v. Kinsho Int'l Corp</u>, 229 F.3d 358, 363 (2d Cir. 2000). In his Complaint, plaintiff asserts that subject matter jurisdiction is proper pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350, note. (Dkt. #1, at 4-5). The Alien Tort Statute "does no more than grant to the district courts 'original jurisdiction of any civil action by an alien for a tort, committed in violation of the law of nations or treaty of the United States.'" <u>Ali Shafi v. Palestinian Auth.</u>, 642 F.3d 1088, 1091 (D.C. Cir. 2011), <u>aff'g</u>, 686 F. Supp. 2d 23 (D.D.C 2010); <u>see also Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 712-38 (2004). Section 2(b) of the Torture Victim Protection Act requires U.S. courts to decline to hear such claims "if the claimant has not exhausted adequate and available remedies in the place" where the conduct

---

[1] However, in his Motion to Proceed <u>In Forma Pauperis</u>, he also avers that he resides in Winston Salem, North Carolina and is a student. (Dkt. #2, at 2-3).

occurred.  28 U.S.C. § 1350, note.  Moreover, the Torture Victim Protection Act authorizes a cause of action against "[a]n individual" for acts of torture and extra-judicial killings committed under authority of color of law in foreign countries.  See Mohamad v. Palestine Auth., ___ U.S. ___, 132 S. Ct. 1702, 1705 (2012).  The U.S. Supreme Court specifically held last year that foreign states may not be sued under the Act: "[T]he text of the statute persuades us that the [TVPA] authorizes liability solely against natural persons. . . . The text of the TVPA convinces us that Congress did not extend liability to organizations, sovereign or not." Id. at 1708, 1710; see also id. at 1707-11.

Moreover, plaintiff's claim against the United States cannot survive on grounds of sovereign immunity, lack of standing, and statute of limitations.  See Cato v. United States, 70 F.3d 1103 (9th Cir. 1995).  Similarly, the fact that none of the multiple parties nor the events giving rise to this cause of action have any connection to this forum raises doubts as to whether this Court could exercise personal jurisdiction over the more than forty foreign countries listed as defendants.[2]  Accordingly, this Magistrate Judge recommends to the Honorable Charles S. Haight, Jr., that this case be dismissed in its entirety as jurisdiction is lacking over plaintiff's claims.

The pro se plaintiff's Motion to Proceed In Forma Pauperis (#2) is denied, and even if there were grounds to grant such Motion, the undersigned recommends to Judge Haight, Jr., that this case be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B).  In light of this conclusion, plaintiff's Motion for Appointment of Counsel (Dkt. #4) is denied as moot.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within**

---

[2]Plaintiff briefly mentions U.S. v. Amistad, 40 U.S. 518 (1841), which of course, concerns events that took place in Connecticut.  (Dkt. #1, at 39).

**fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 13th day of March, 2013.

   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge